IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 10-72 |
| | ) | CV 13-223 |
| LARRY ALLEN SLEDGE | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty, without a plea agreement, to violations of 21 U.S.C. 841.  On March 12, 2012, Defendant was sentenced to a term of imprisonment of sixty months, followed by five years of supervised release.  The plea was taken, and sentence imposed, by Judge McLaughlin.  Defendant did not appeal.  Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255.   For the following reasons, the Motion will be denied.[1]

### OPINION

#### I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004).  I further note that pro se pleadings are to be construed

---

[1] Also pending is Defendant's Motion for Summary Judgment, based on the Government's failure to respond to his Section 2255 Motion. The Motion for Summary Judgment will be denied, as the Government did, in fact, file a response.  Defendant's Motion for release from custody pending appeal is also denied, as Defendant is not entitled to such relief.

1

liberally, and I have so construed Defendant's submissions. See <u>United States v. Otero</u>, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

Defendant's Motion surrounds the contention that one of the illegal substances involved in this matter, <u>i.e.</u>, "33.1 grams of a soft, mushy, clumpy, wet substance, tested as cocaine," was not in rock-like form, and thus should not have triggered mandatory minimum sentence applicable to cocaine base.[2]

### A. Timeliness

The Government challenges Defendant's Motion as time-barred. Defendant's Motion was filed on July 22, 2013; his affirmation of service, however, states that he mailed the Motion to the Clerk of Court on February 23, 2013. He has also submitted a letter of inquiry to the Court, dated July 18, 2013, inquiring about his Motion. That letter attached an additional copy of the Motion, which was filed. Accepting Defendant's representation that he attempted to mail his Motion on February 23, 2013, the Motion would be timely. I will assume, without deciding, that Defendant's Motion is not time barred.

### B. Crack v. Cocaine Base

Defendant relies on the principles enunciated in <u>United States v. James</u>, 78 F. 3d 851 (3d Cir. 1996). In <u>James</u>, our Court of Appeals considered a guilty plea, after which the District Court imposed sentencing enhancements applicable to offenses involving crack cocaine. <u>James</u> involved issues surrounding Defendant's guilty plea – <u>i.e.</u>, whether he knowingly and voluntarily pleaded guilty to selling crack, as opposed to cocaine base, and therefore whether the sentencing

---

[2] It is unclear from where Defendant obtained this description of the substance. Elsewhere in the record, a drug identification report refers to a "wet white substance," and a "wet off-white chunky substance."

enhancement rested on a valid foundation. Id. at 853. At the plea colloquy in that case, defendant admitted to distributing only "cocaine base," and the indictment and plea agreement referred only to "cocaine base." Id. at 856.

In James, the only reference to "crack" in the record was made by the government during the plea colloquy. Under those circumstances, the Third Circuit wrote:

> We do not believe that, without more, the casual reference to crack by the Government in the colloquy with the court over the relevant quantity of cocaine base in determining [the defendant's] offense level unmistakably amounted to a knowing and voluntary admission that the cocaine base constituted crack.

Guzman v. United States, 89 F. Supp. 2d 401, 404-05 (W.D.N.Y. 2000) (quoting James, 78 F. 3d at 856).

Therefore, James has been found materially distinguishable from cases in which the record "clearly established that the defendant was pleading guilty" to a crime involving "'crack,' not just some other form of cocaine base." Guzman, 89 F. Supp. 2d at 405; Ramirez v. United States, 963 F. Supp. 329, 333 (S.D.N.Y. 1997). For example, if the charging instrument refers to crack, the plea agreement refers to crack, and the parties consistently referred to crack, then the plea to an offense involving crack cocaine may be deemed knowing and voluntary. United States v. Roberson, 194 F. 3d 408, 416-17 (3d Cir. 1999).

In the present matter, the indictment charged Defendant with possessing with intent to distribute, and distributing, 28 grams or more of "cocaine base, in the form commonly known as crack." Defendant pleaded guilty. During his plea colloquy, the following exchange occurred:

COURT: [L]et me zero you in on the count itself. "On or about October 5, 2010…the Defendant, Larry Allen Sledge, did…possess with intent to distribute and distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack…." Do you understand the charge?

DEFENDANT: Yes. I do.

3

At the plea hearing, counsel for the Government summarized the evidence that would be adduced at trial, should trial occur. During counsel's summary, he referred multiple times to various facts, including Defendant's admission, connecting Defendant and the charges against him to "crack cocaine." Government counsel stated, "[t]here's no dispute that it would be greater than 28 grams of crack cocaine" involved in the case. When asked whether he agreed with the summary by Government counsel, Defendant disagreed only with "who got the ball rolling" and "how the ball got rolling" in terms of the sale and purchase of the controlled substance; Defendant evinced no disagreement with the characterization of the substance involved as "crack cocaine." To the contrary, during the course of the plea colloquy, Defendant plainly stated, "I'm guilty of this offense. I'm guilty of bringing crack cocaine to this guy…." In other words, the indictment, the Court, the Government, and Defendant himself repeatedly referred to crack cocaine. Accordingly, "the record in this case shows that, unlike the defendant in James who casually adopted the references to 'crack' without evincing a full understanding of the impact of such a plea, petitioner indicated by his words and conduct that he was fully cognizant of the implications of his admissions and that he knowingly and voluntarily admitted his participation with 'crack' cocaine." Guzman, 89 F. Supp. 2d at 406 (citing United States v. Brown, 957 F. Supp. 696, 698 (E.D. Pa. 1997) and United States v. Walker, 980 F. Supp. 144, 147-48 (E.D. Pa. 1997)).

Pertinent here, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621,

52 L. Ed. 2d 136 (1977). In other words, "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008). Moreover, "the Court in James did not overturn the rule that a defendant who pleads guilty is bound by the facts recited in the plea agreement as well as by his admissions during the plea colloquy." United States v. Sims, 1999 U.S. Dist. LEXIS 184, at *10 (E.D. Pa. Jan. 6, 1999). For these reasons, to the extent that Defendant relies on a James-type challenge to his plea, that challenge fails.

Similarly, in light of his admissions at the change of plea hearing, Defendant has likewise failed to support his suggestion that his counsel was ineffective, under the standards imposed by Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), for failing to question whether the substance was crack cocaine. Counsel for Defendant and the Government, as well as the Court, were informed that forensic examination had revealed 41.93 grams of "crack cocaine."[3] Defendant has offered no reason that his attorney should have doubted this representation or the results of the forensic examination. See Guzman, 89 F. Supp. 2d at 408. Moreover, the law does not require that defense counsel demand retesting. Sims, 1999 U.S. Dist. LEXIS at **13-14. Similarly, Defendant was not prejudiced by "defense counsel's allowing petitioner to plead guilty and to accept the government's representation that petitioner delivered 'crack' cocaine," because the Court, at sentencing, was entitled to rely on Defendant's admissions during the plea colloquy. See United States v. Williams, 1998 U.S. Dist LEXIS 6462, at **15-16 (D. Del. Apr. 29, 1998).

---

[3] Although my decision today in no way rests on such external information, I note expert testimony, in other cases, that crack cocaine can be "mushy or moist because it had not fully dried following the cooking process," and that it remains smokeable when moist. United States v. Wilborn, 576 F.3d 676, 678 (7th Cir. Ill. 2009).

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In conclusion, Defendant's Motion to Vacate will be denied, and no certificate of appealability shall issue. Defendant's Motions for release from custody and for summary judgment will likewise be denied. An appropriate Order follows.

## ORDER

AND NOW, this 29th day of January, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions [72] [74] [80] are DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose,

Senior Judge, U.S. District Court